[Civ. No. 14045. First Dist., Div. Two. Jan. 19, 1949.]

ALVIN LEE, Petitioner, v. SUPERIOR COURT OF CONTRA COSTA COUNTY, Respondent.

Benjamin F. Marlowe for Petitioner.

Fred N. Howser, Attorney General, Clarence A. Linn, Deputy Attorney General, Francis W. Collins, District Attorney, and Mortimer B. Veale, Deputy District Attorney, for Respondent.

NOURSE, P. J.—By means of this proceeding in certiorari the petitioner seeks to annul an order of the superior court granting him probation. In a trial to a jury the petitioner was convicted of statutory rape and his sentence fixed at one year in the county jail under the provisions of section 264 of the Penal Code. He applied for probation and the terms fixed were so excessive that he declined to accept them and demanded to be sentenced forthwith.

The petitioner is American born of the Chinese race, age 20. The girl was white American, aged 16. She was three months pregnant at the time of the trial. In answer to his request for probation the probation officer recommended:

"(1) That defendant be incarcerated in the Contra Costa County Jail for a period of one year with the recommenda-

tion to the Sheriff that he be placed on the County Jail Farm.

"(2) That defendant pay a fine in the sum of $500:00, such fine to be paid from 90% of his wages while at the County Jail Farm.

"(3) That upon his release from custody, defendant cease his association with . . .

"(4) That upon his release from custody, defendant pay the sum of $50.00 each month to the Probation Officer to apply on any unpaid balance of his fine.

"(5) That upon his release from custody, defendant secure steady employment.

"(6) That defendant report once each month to the Probation Officer."

When these terms were offered to petitioner, with some modifications by the trial court, he refused to accept them and requested sentence under the terms of the jury verdict. His request was denied and he was ordered placed on probation without his consent. He seeks to annul this order on the grounds that it is in excess of the court's jurisdiction.

■ That an applicant for probation has the right to decline the offer when he deems the terms in excess of the court's jurisdiction, or too onerous, is settled beyond any controversy. *People* v. *Blankenship,* 16 Cal.App.2d 606, 610 [61 P.2d 352] ; *People* v. *Billingsley,* 59 Cal.App.2d Supp. 845, 849 [139 P.2d 362]. By analogy the rule is the same as to pardons and paroles. *In re Peterson,* 14 Cal.2d 82, 85 [92 P.2d 890]. "Probation," says the court in *People* v. *Hainline,* 219 Cal. 532, 534 [28 P.2d 16], "is defined as an act of grace and clemency, which may be granted by the court to a seemingly deserving defendant, whereby he may escape the extreme rigors of the penalty imposed by law for the offense of which he stands convicted." What "clemency" we may ask is accorded one who is granted probation on condition that he serve the full term of imprisonment which the law allows in view of the jury's verdict and in addition pay a fine to reimburse the county for the cost of his prosecution and remain in the protective custody of the probation officers for two years after he had paid the full penalty of his crime.

■ We hold that the petitioner was within his rights when he refused to accept the terms of probation and it became the duty of the court at that moment to sentence him for the term prescribed by law. The court should forthwith impose sentence under the terms of section 264 of the Penal Code,

and since petitioner has been illegally detained in prison since October, 1948, that time should be treated as time served.

The order granting probation over petitioner's refusal to accept is annulled.

Goodell, J., and Dooling, J., concurred.

A petition for a rehearing was denied February 18, 1949, and respondent's petition for a hearing by the Supreme Court was denied March 17, 1949.