[Crim. No. 2098. Third Dist. July 21, 1949.]

THE PEOPLE, Respondent, v. C. R. WALKER, Appellant.

C. R. Walker, in pro. per., for Appellant.

Fred N. Howser, Attorney General, and Doris H. Maier, Deputy Attorney General, for Respondent.

THE COURT.—Defendant C. R. Walker was indicted by the grand jury of Sonoma County on two counts of violation of section 249 of the Penal Code. Count one alleged that on November 1, 1947, the defendant wilfully, unlawfully and maliciously and with intent thereby to injure the persons therein named and expose them to public hatred, contempt and ridicule, published and circulated the following circular:

"TO THE CITIZEN VOTERS AND HONEST PEOPLE OF SONOMA CO., CALIF. GREETINGS:
ON NOV. 4, 1947, YOU WILL BE CALLED UPON TO SELECT A PERSON TO REPLACE THE LATE SENATOR SLATER. THIS, YOU SURELY KNOW IS A POST OF HIGH TRUST AND RESPONSIBILITY AND SHOULD BE FILLED BY A PERSON OF UNQUESTIONABLE RELIABILITY, I DECLINE TO SUPPORT OR AID C. J. TAUZER TO SECURE HIS ELECTION TO THIS OR ANY OTHER POST OF TRUST OR CONFIDENCE, FOR, REASONS, TO WIT:—
1—I AGAIN OPENLY ACCUSE C. J. TAUZER OF CRIMINAL

CONSPIRACY TO DEFRAUD: PERJURY: FALSIFICATION OF PUBLIC RECORDS, ETC.

2—C. J. TAUZER HAS BEEN ARRESTED ACCORDING TO LAW, BUT *DO* TO HIS TRICKERY AND ASSISTANCE OF CERTAIN OFFICIALS, HE HAS AVOIDED PROSECUTION AND IS NOW A PRACTICAL FUGITIVE FROM JUSTICE. TO AVOID ERROR, I NAME:—JUDGE FULWIDER, JUDGE COMSTOCK, JUDGE GEARY, THE DISTRICT ATTORNEY'S OFFICE, SHERIFF PATTESON, CHIEF FLOHR OF SANTA ROSA, AS A GROUP DIRECTLY CONCERNED IN THE C. J. TAUZER CASE, AND FURTHER OPERATE IN SUCH A MANNER, TOGETHER WITH THE COUNTY PROBATION OFFICER, AS TO FURNISH PRACTICAL IF NOT ACTUAL PROTECTION TO CRIMINAL LAW VIOLATORS.

I WELCOME HONEST, OPEN, GRAND JURY INVESTIGATION. PLEASE VOTE AGAINST C. J. TAUZER.

C. R. WALKER''

Count two accused the defendant of violating section 249 of the Penal Code by the wilful and malicious publication and circulation of the foregoing circular on November 6, 1947, with the intent of thereby injuring the persons named therein and exposing them to public hatred and ridicule.

The defendant pleaded not guilty to each of the counts set forth in the indictment. The case came on regularly for trial by jury which returned a verdict of guilty on both counts. Defendant's motion for a new trial was denied. Thereupon the court suspended judgment and sentence and granted defendant probation for a period of three years. The defendant then filed a timely notice of appeal which specified that the appeal was taken from the ''judgment'' and from the order denying his motion for a new trial.

Preliminarily, it should be observed that no judgment of conviction was rendered against the defendant. The record discloses that judgment and sentence were suspended and the defendant granted probation. Under these circumstances the purported appeal from the ''judgment'' must be dismissed (*People* v. *Guerrero*, 22 Cal.2d 183 [137 P.2d 21]) which leaves only the appeal from the order denying defendant's motion for a new trial (Pen. Code, § 1237).

The function of an appellate court upon an appeal from an order either granting or denying a motion for a new trial is limited to a review of the record to determine whether the trial court abused its discretion. As this court stated in *MacKenzie* v. *Angle*, 82 Cal.App.2d 254 [186 P.2d 30] ''It is settled that a motion for a new trial is, to a large extent, addressed to the sound legal discretion of the court to which

the application is made; and it has often been said that its action will not be disturbed on appeal in the absence of a clear and affirmative showing of a gross, manifest or unmistakable abuse of discretion.'' A review of the record in the light of the rule as stated fails to disclose such an abuse of discretion by the trial court and hence the order denying said motion must be affirmed.

Appellant's contention that he was deprived of the right to counsel in violation of article 1, section 13 of the Constitution of the State of California and section 686, subdivision 2 of the Penal Code likewise cannot be sustained. The record discloses that four different attorneys were appointed by the trial court to represent the defendant. In each instance the defendant became dissatisfied with the counsel so appointed to represent him. Subsequently when each of said counsel requested permission to withdraw from the case defendant made no protest. In fact upon the occasion of the withdrawal of the last appointed counsel he expressed his desire to handle the case in his own fashion. Under such circumstances it cannot be said that the defendant was deprived of counsel, but that by his conduct he waived his right thereto. (*In re Connor,* 15 Cal.2d 161 [99 P.2d 248] ; *People* v. *O'Neill,* 78 Cal.App.2d 888 [179 P.2d 10].) The defendant displayed marked ability in conducting his own defense and the record does not warrant any inference other than that the waiver was an intelligent one by a person possessing the requisite capacity to waive such right.

Appellant's contention that the judge erred in instructing the jury that the message to the voters and honest people of Sonoma County is libel *per se,* is devoid of merit. Section 248 of the Penal Code provides that ''A libel is a malicious defamation, expressed either by writing, printing, or by signs or pictures, or the like, tending to blacken the memory of one who is dead, or to impeach the honesty, integrity, virtue, or reputation, or publish the natural or alleged defects of one who is alive, and thereby to expose him to public hatred, contempt, or ridicule.'' Section 45a of the Civil Code provides in part that ''[a] libel which is defamatory of the plaintiff without the necessity of explanatory matter, such as an inducement, innuendo or other extrinsic fact, is said to be a libel on its face.'' It is apparent from the face of the circular distributed by the defendant that it contains defamatory matter concerning the individuals therein named. More-

over, even if it be conceded that the foregoing instruction was erroneous we cannot presume that the defendant was prejudiced thereby in view of the provisions in the Constitution that in cases of criminal libel "the jury have the right to, determine the law and the fact." (Cal.Const., art. I, § 9; Pen. Code, § 251.) In the early case of *People* v. *Seeley,* 139 Cal. 118 [72 P. 834], it was held that although the judge may instruct the jurors on the law, they are not bound to follow his instructions.

Appellant's attack upon the sufficiency of the evidence to sustain the verdict of the jury is likewise without merit. A detailed summary of the evidence can serve no purpose other than to perpetuate the libelous matter in the reports and for that reason is omitted. It is sufficient to note that the entire record has been carefully considered and that such record amply supports the verdict of the jury in each instance.

 The defendant admitted the publication of said circular as charged, and while he believed the matters therein set forth to be true such belief has no foundation in fact. It further appears that defendant was not acting in good faith but from a spirit of revenge nursed over a period of years induced by his belief that his legal rights had been imposed upon. Under such circumstances the defendant cannot avail himself of the privilege contained in section 251 of the Penal Code.

The defendant further complains that prosecution witnesses were withdrawn before he could cross-examine them and that other witnesses were withdrawn during the course of their cross-examination. Such contention is not sustained by the record nor is the similar contention that defendant's witnesses were prevented from testifying.

 During the course of his argument to the jury the prosecutor in substance informed the jury that an acquittal of defendant would in effect amount to a conviction of the libeled officials. The defendant asserts that such argument constituted prejudicial misconduct. The record discloses that the defendant did not request that such statement be stricken and the jury admonished to disregard it. Furthermore, the defendant attempted to prove the truth of his publication and thereby put the integrity of the officials in issue. Such statement would therefore seem justified and in any event the defendant waived his objection to it by failing to assign it as error and requesting the court to instruct the jury to disregard it. (*People* v. *Hunter,* 49 Cal.App.2d 243 [121 P.2d 529]; *People* v. *Codina,* 30 Cal.2d 356 [181 P.2d 881].)

Also without merit is the defendant's attack upon the terms of his probation. The terms thereof are reasonable and under the circumstances presented herein, liberal and lenient. Moreover, the defendant has the right to reject the terms of the probation which was granted in accordance with his request, and to demand that judgment be entered and sentence imposed. (*Lee* v. *Superior Court*, 89 Cal.App.2d 716 [201 P.2d 882].) Having failed to do so he may be deemed to have waived his objections and is foreclosed from raising them on appeal.

The remaining contentions of the defendant are not such as to warrant consideration by a reviewing court.

The order appealed from is affirmed.

A petition for a rehearing was denied August 6, 1949.