[No. A079705. First Dist., Div. Three. Feb. 11, 1999.]

THE PEOPLE, Plaintiff and Respondent, v.
MONY M. FARAEL, Defendant and Appellant.

**[Opinion certified for partial publication.*]**

*This opinion is certified for partial publication (Cal. Rules of Court, rule 976.1) as to the introductory and background section, part III.B. of the discussion section, and the disposition. Parts I. through IV. of the background section and parts I., II., and III., with the exception of section III.B., of the discussion section are not included in the order of publication.

**COUNSEL**

Ephraim Margolin; and Karen Paull for Defendant and Appellant.

Daniel E. Lungren and Bill Lockyer, Attorneys General, George Williamson, Chief Assistant Attorney General, Ronald A. Bass, Assistant Attorney General, Ronald S. Matthias and David D. Salmon, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

**CORRIGAN, Acting P. J.**—Defendant Mony M. Farael was convicted of eight counts of insurance fraud and related charges. On appeal, he contends the trial judge erred in denying his motion for new trial based on ineffective assistance of counsel and newly discovered evidence. He further asserts the court erred in setting conditions of probation. We affirm.

*Background*

A jury found defendant guilty of defrauding his insurer, Cigna Property & Casualty Company (Cigna), by staging burglaries and submitting false claim forms for property he claimed had been stolen from his business. In the unpublished portion of this opinion, we reject defendant's claims that (1) his trial attorney rendered ineffective assistance, and (2) the court erred in imposing probation conditions restricting his ability to practice psychotherapy, counseling or financial management. In the published portion, we address his challenge to an additional condition of probation requiring him to sign a confession of judgment in favor of Cigna.

I.-IV.*

. . . . . . . . . . . . . . . . . . . . . . . .

Discussion

I., II.*

. . . . . . . . . . . . . . . . . . . . . . . .

III. The Probation Conditions Are Valid

A. The Bar on Counseling*

. . . . . . . . . . . . . . . . . . . . . . . .

B. The Confession of Judgment

 Defendant also challenges the probation condition requiring him to sign a confession of judgment in favor of Cigna in the amount of its investigation costs. Article I, section 28, subdivision (b) of the California Constitution and Penal Code section 1202.4, subdivision (f) together require that restitution be ordered in every case in which the defendant's conduct has caused a victim to suffer economic loss. Defendant does not dispute that Cigna suffered such a loss as a result of his attempted frauds; nor does he dispute the amount of that loss. His challenge, rather, is that the method of enforcing the restitution is improper because it is a civil, rather than a criminal, remedy. The authorities do not support his position.

A restitution order is itself "fully enforceable by a victim as if the restitution were a civil judgment, and enforceable in the same manner as is provided for the enforcement of any other money judgment." (Pen. Code, § 1214.) Accordingly, we perceive no practical or legal difference between a restitution order and a confession of judgment for the purpose of restitution. While a condition of probation may be stricken "if it operates to circumvent a prescribed statutory procedure *and thereby nullify a manifest legislative policy*," (*In re Bernardino S.* (1992) 4 Cal.App.4th 613, 623 [5 Cal.Rptr.2d 746], italics added), the confession of judgment condition imposed here is consistent with and furthers the strong legislative policy of ensuring full restitution to victims of crimes. (See *U.S.* v. *Koenig* (9th Cir. 1987) 813 F.2d 1044, 1047 [confession of judgment condition reasonably related to attaining maximum restitution]; *U.S.* v. *Concepcion* (E.D.N.Y. 1992) 795 F.Supp.

---

*See footnote, *ante*, page 864.

1262, 1284 [confession of judgment enforces restitution and avoids unnecessary expenditure of public funds for enforcement].)

The authorities defendant cites for his contention that civil liability has no place in a criminal proceeding are inapposite. In *People* v. *Richards* (1976) 17 Cal.3d 614, 620 [131 Cal.Rptr. 537, 552 P.2d 97], disapproved on other grounds in *People* v. *Carbajal* (1995) 10 Cal.4th 1114, 1126 [43 Cal.Rptr.2d 681, 899 P.2d 67], the court disapproved a condition of probation requiring restitution to a party other than a crime victim for losses not proven to have been caused by defendant's crime. *In re Brian S.* (1982) 130 Cal.App.3d 523, 528-531 [181 Cal.Rptr. 778] holds that a restitution victim is not limited to a civil measure of damages. Neither case supports defendant's contention that the condition imposed here exceeded the court's authority.

### C. *Involvement In Investments**

. . . . . . . . . . . . . . . . . . . . . . . . . . .

### *Disposition*

The judgment is affirmed.

Phelan, J.,† and Parrilli, J., concurred.

---

*See footnote, *ante*, page 864.
†Retired Presiding Justice of the Court of Appeal, First District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.