Filed 7/31/13  In re Christian A. CA5

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| In re CHRISTIAN A., a Person Coming Under the Juvenile Court Law. | |
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>CHRISTIAN A.,<br><br>Defendant and Appellant. | F065782<br><br>(Super. Ct. No. 12JQ0092)<br><br>**OPINION** |

-ooOoo-

## THE COURT[*]

APPEAL from a judgment of the Superior Court of Kings County.  George Orndoff, Judge.

John K. Cotter, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Jr., Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Daniel B. Bernstein and Larenda R. Delaini, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

[*]     Before Gomes, Acting P.J., Poochigian, J. and Detjen, J.

On June 19, 2012, a single-count juvenile wardship petition (petition) was filed in which it was alleged that appellant, Christian A., a minor, committed a lewd and lascivious act upon a person under the age of 14, in violation of Penal Code section 288, subdivision (a).[1] On August 7, 2012, appellant admitted the allegation, and on August 21, 2012, at the disposition hearing, the juvenile court adjudged appellant a ward of the court, placed him on probation, and ordered he serve at least 30 days, but no more than one year, in the Kings County Juvenile Center.

The petition contained the following: "**NOTICE**: Conviction of this offense will require you to register pursuant to Penal Code section 290. Willful failure to register is a crime."[2] We refer to this notice as the section 290 notice. At the disposition hearing, appellant requested (1) the juvenile court strike the section 290 notice from the petition and (2) language be added to the terms and conditions of probation explicitly stating appellant is not ordered to register as a sex offender. The juvenile court denied the first request and did not respond to the second.

On appeal, appellant contends the juvenile court erred in not granting both requests. Respondent concedes the point as to the first request and does not respond to appellant's claim as to the second. We will direct the juvenile court to strike the section 290 notice from the petition and to notify appropriate juvenile court authorities in Texas of this correction.

---

[1]     Except as otherwise indicated, all statutory references are to the Penal Code.

[2]     Section 290, the Sex Offender Registration Act, mandates, inter alia, that juveniles adjudicated of certain enumerated offenses register with law enforcement officials when they are discharged from Department of Corrections and Rehabilitation (DCRJJ), formerly known as the California Youth Authority. (*In re Bernardino S.* (1992) 4 Cal.App.4th 613, 619-620 (*Bernardino S.*).)

## FACTUAL AND PROCEDURAL BACKGROUND

### *Factual Background*

Defense counsel, in reciting the factual basis for appellant's admission, stated the following:  "On or about ... July 1st, 2011, [appellant] was visiting his biological father in Lemoore, California ... and he met for the first time [his] younger half-sister .... [Appellant] touched her vaginal area under her swim suit for purposes of sexual gratification."  The victim was 12 years old and appellant was 16 years old.

Appellant lives in Garland, Texas, with his maternal grandmother.  The probation officer opined, "[t]he most appropriate course of action ... is Wardship, a short-term commitment and allowing the minor to return to Texas, utilizing Juvenile Interstate Compact."

### *Procedural Background*

 At the arraignment, the juvenile court stated that the section 290 notice was not an "accurate statement of the law."  Defense counsel concurred, asserting the section 290 sex offender registration requirement applies to juveniles committed to the DCRJJ, and appellant could not be committed to DCRJJ because the sole offense alleged in the petition was not listed in Welfare and Institutions Code section 707, subdivision (b).

At the disposition hearing, defense counsel argued, "I believe this case will [eventually] go back to Texas after some period of time, and I am concerned that they are trying to impose a sex registration requirement.  So I am asking that the Court with the District Attorney's approval, of course, strike the [section 290 notice].  I am asking as [condition of probation] number 32, that [appellant] is not ordered to register as a sex offender so there would be no question about that when it goes to Texas."[3]

The juvenile court responded, "Texas gets to do whatever Texas wants to do but my understanding of the current California law is that this is not a registerable offense."

---

[3]    The report of the probation officer sets forth 31 sequentially numbered proposed conditions of probation.

Ultimately, the juvenile court ruled, "I don't think striking [the section 290 notice] from the Petition would have any effect because Texas can do what Texas wants to do .... It's on the record and I have no control [over] what Texas is going to do."

Defense counsel responded, "Well, how about a finding of order number 32 that we add that he is not being ordered to register at this time. [T]hat's a correct statement." The juvenile court did not respond to this request.

Toward the close of the hearing, the court set a status review hearing for August 20, 2013, and stated, "We expect the case will be transferred to Texas long before that ...."

## DISCUSSION

Appellant contends, and respondent concedes, that the juvenile court erred in refusing to strike the section 290 notice from the petition. We agree.

A juvenile ward is required to comply with the sex offender registration requirements of section 290 only if the ward is discharged or paroled from DCRJJ. (§§ 290, 290.008; *Bernardino S.*, *supra*, 4 Cal.App.4th at pp. 619–620.) A minor can be ordered committed to DCRJJ only for violations of offenses listed in Welfare and Institutions Code section 707, subdivision (b). (*In re C.H.* (2011) 53 Cal.4th 94, 102.) The only offense alleged in the instant petition, a violation of section 288, subdivision (a), is not one of the listed offenses. Therefore, as the juvenile court stated, the admonition in the petition that appellant could be required to register under section 290 was incorrect. As respondent concedes, "Since appellant cannot be committed to [DCRJJ] for the offense that he admitted [citation], the juvenile court should have ordered stricken from the petition the language regarding mandatory sex offender registration, as the duty to register for this offense will not arise in California."

Moreover, in order to insure that the State of Texas has correct information regarding appellant's case, we will, as the parties urge, direct the juvenile court to inform appropriate juvenile court authorities in Texas of this correction. This order will make it

4

unnecessary for this court to also order, as appellant urges, that an explicit statement be added to the terms and conditions of probation that appellant is not required to register as a sex offender under California law.

## DISPOSITION

The matter is remanded to the juvenile court. On remand, the juvenile court is directed to strike the portion of the juvenile wardship petition filed June 19, 2012, notifying appellant that he could be required to register as a sex offender if "convicted" of the offense alleged in the petition. The juvenile court is further directed to notify in writing appropriate juvenile court authorities in Texas of this correction. In all other respects the judgment is affirmed.