Filed 6/30/15  In re C.O. CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(San Joaquin)

----

| | |
|---|---|
| In re C.O., a Person Coming Under the Juvenile Court Law. | C076684 |
| THE PEOPLE, | (Super. Ct. No. 70287) |
| Plaintiff and Respondent, | |
| v. | |
| C.O., | |
| Defendant and Appellant. | |

The minor, C.O., brought a marijuana brownie to school and sold it to another student.  The trial court adjudged him to be a ward of the court based on the minor's violation of Health and Safety Code section 11360, subdivision (a), and placed him on formal probation.  The trial court additionally ordered the minor to pay a fine of $267.50 (including penalty assessments, surcharges, and fees) pursuant to Welfare and Institutions

1

Code section 730.5 and Penal Code section 1464, to pay a restitution fine of $100 pursuant to Welfare and Institutions Code section 730.6, subdivision (b)(1), and to pay a general fund fine of $100 pursuant to Welfare and Institutions Code section 731, subdivision (a)(1).[1]

The minor appeals, contending the trial court improperly imposed the $100 general fund fine and the $267.50 fine as terms and conditions of the minor's probation.[2] He asserts the fines and fees are collateral to the minor's crime and must be imposed, if at all, by separate order; therefore, he requests remand to the trial court regarding the imposition of the fines and fees. The minor also contends the probation order must be corrected because it reflects a 10 percent collection fee for the restitution fine that was not orally pronounced by the trial court. To the extent these fines were imposed as conditions of the minor's probation, we conclude the probation order was erroneous, and we modify the judgment to reflect that the fines (other than the restitution fine) are ordered but not as conditions of the minor's probation and order correction of the probation order.

DISCUSSION

I

*Imposition of Fines as Probation Conditions*

The minor contends the trial court improperly ordered the minor to pay fines and fees as terms of his probation. In support of his contention, the minor relies on authorities stating that, in adult criminal proceedings, fines and fees which are collateral

---

[1] The nature of the issues on appeal render any further factual recitation unnecessary.

[2] The People do not dispute that the fines were imposed as conditions of the minor's probation. In our review of the record, it appears ambiguous on this point. However, given the lack of clarity, we will proceed on the assumption the parties have correctly interpreted the record in this regard.

to a defendant's crime may not be made conditions of probation in the absence of a statutory exception. (See, e.g., *People v. Hall* (2002) 103 Cal.App.4th 889, 892; *Brown v. Superior Court* (2002) 101 Cal.App.4th 313, 321-322; *People v. O'Connell* (2003) 107 Cal.App.4th 1062, 1068; *People v. Washington* (2002) 100 Cal.App.4th 590, 593-596.) The People agree that this is a correct statement of the law regarding adult criminal defendants, but argue that juvenile criminal defendants may be required to pay these fines and fees as probation conditions based on the court's broad discretion in crafting probation conditions for minors. (See, e.g., *In re Sheena K.* (2007) 40 Cal.4th 875, 889, *In re Francisco S.* (2000) 85 Cal.App.4th 946, 953-954; *In re R.V.* (2009) 171 Cal.App.4th 239, 246-247.) We conclude that absent a statutory exception, the same prohibition applicable to adult criminal defendants applies to preclude imposition of collateral fines as probation conditions for juveniles.

Pursuant to Welfare and Institutions Code section 730, subdivision (b), a juvenile court, when placing a minor on probation, " 'may impose and require any and all reasonable conditions that it may determine fitting and proper to the end that justice may be done and the reformation and rehabilitation of the ward enhanced.' [Citation.] Consistent with this mandate, the juvenile court is recognized as having ' "broad discretion in formulating conditions of probation" ' [citation], and the juvenile court's imposition of any particular probation condition is reviewed for abuse of discretion [citation]." (*In re D.G.* (2010) 187 Cal.App.4th 47, 52.) Though adult criminal courts also have " 'broad discretion' " in formulating probation conditions, juvenile conditions " 'may be broader than those pertaining to adult offenders' [citation]" because wards' constitutional rights are more circumscribed, they are in greater need of guidance and supervision, and the court stands in the shoes of the parent in exercising jurisdiction over the minor. (*Ibid.*) Thus, conditions that would be improper for adult probationers may be permissible for minors. (*Ibid.*)

Nonetheless, the court's power to impose probation conditions on minors is not limitless. (*In re D.G.*, *supra*, 187 Cal.App.4th at p. 52; see also *In re Bernardino S.* (1992) 4 Cal.App.4th 613, 622.) Rather, juvenile probation conditions are subject to the same three-part standard decreed in *People v. Lent* (1975) 15 Cal.3d 481. (*In re D.G.*, *supra,* at p. 52.) That standard dictates that a probation condition is rendered invalid if it " '(1) has no relationship to the crime of which the offender was convicted, (2) relates to conduct which is not in itself criminal, and (3) requires or forbids conduct which is not reasonably related to future criminality . . . .' " (*People v. Lent*, *supra,* at p. 486; accord, *In re D.G., supra,* at pp. 52-53.)

In adult criminal cases, it has been repeatedly held that payment of collateral costs, including various fines and fees, may not be imposed as a condition of probation. (See, e.g., *People v. Hart* (1998) 65 Cal.App.4th 902, 907; *Brown v. Superior Court, supra,* 101 Cal.App.4th at pp. 321-322; *People v. Hall, supra,* 103 Cal.App.4th at p. 892.) Rather, such costs should be imposed as a separate order. (See *Brown v. Superior Court, supra,* at p. 322; *People v. O'Connell, supra,* 107 Cal.App.4th at p. 1068.) The rationale applicable in adult criminal cases is equally applicable here. Such fines and fees are not related to the crime of which the minor was convicted, relate to conduct which is not criminal, and require conduct which is not reasonably related to future criminality.

Additionally, had the Legislature intended to permit the imposition of the fines authorized by Welfare and Institutions Code sections 730.5 and 731 as conditions of a minor's probation it could have so stated. Indeed, in Welfare and Institutions Code section 730.6, subdivision (*l*), the Legislature specifically directed that payment of a restitution fine may be made a condition of a minor's probation. The Legislature enacted no such authorizing provision as it relates to the county general fund fine prescribed in Welfare and Institutions Code section 731 or the fine and penalty assessment prescribed in Welfare and Institutions Code section 730.5 and Penal Code section 1464. The Legislature's enactment of Welfare and Institutions Code section 730.6, subdivision (*l*)

4

demonstrates it knows how to authorize imposition of a fine as a condition of probation, and the lack of any similar provision with regard to the fines at issue here is telling.

Accordingly, to the extent the trial court imposed the $267.50 fine (including Penal Code section 1464 surcharges and assessments) authorized by Welfare and Institutions Code section 730.5 and the $100 general fund fine authorized by Welfare and Institutions Code section 731 as conditions of the minor's probation, those probation conditions are stricken. However, the order that the minor separately pay those fines remains intact as the fines themselves are statutorily authorized.

II

*Administrative Fee*

The minute order reflects that the minor must pay a collection fee of 10 percent, not to exceed $25, for the restitution fine. The minor contends the minute order must be corrected to strike the 10 percent collection fee because it was not ordered by the trial court in its oral pronouncement of judgment. The People argue that though fee was not orally imposed, we must modify the judgment to impose the fee because the trial court's failure to do so rendered the sentence unauthorized. We will order correction of the probation order.

The minor is correct that the oral pronouncement is the actual rendition of the judgment, and the minutes and abstract cannot add anything substantive to the oral pronouncement. (*People v. Mitchell* (2001) 26 Cal.4th 181, 185; *People v. Zackery* (2007) 147 Cal.App.4th 380, 387-388.) But, when a trial court fails to impose a statutorily mandated fine or fee, the sentence is unauthorized, and we may correct the error on appeal. (*People v. Smith* (2001) 24 Cal.4th 849, 852-853; *People v. Scott* (1994) 9 Cal.4th 331, 354.)

Here, the trial court imposed a mandatory restitution fine of $100. (Welf. & Inst. Code, § 730.6, subd. (b)(1).) Where a county has imposed an administrative fee to cover the cost of collecting such a restitution fine, the trial court must order that the minor pay

5

that fee, up to an additional 10 percent of the restitution fine. (Welf. & Inst. Code, § 730.6, subd. (q).) The People assert that the San Joaquin County Board of Supervisors adopted such a fee in 1995, making it mandatory for the trial court to impose the fee. However, there is nothing in the record on appeal to allow us to verify this factual assertion and no request filed to permit us to judicially notice the existence of an order adopting such a fee. Therefore, the record before us does not demonstrate that the administrative fee was or should have been imposed by the trial court. Accordingly, we order the probation order corrected to strike the 10 percent administrative fee for collection of the restitution fine.

## DISPOSITION

The conditions of probation are modified to delete the requirement to pay the $267.50 fine authorized pursuant to Welfare and Institutions Code section 730.5 and Penal Code section 1464 and the $100 general fund fine authorized pursuant to Welfare and Institutions Code section 731, however, the order that defendant pay such fines is affirmed. Additionally, we direct the clerk of the trial court to correct the probation order to reflect these modifications and to strike the 10 percent collection fee for the restitution fine. As modified, the probation order (judgment) is affirmed.

                                        NICHOLSON        , Acting P. J.


We concur:


        ROBIE            , J.


        MURRAY          , J.

6