[No. A100590. First Dist., Div. Three. Jan. 29, 2004.]

In re COLLEEN S., a Person Coming Under the Juvenile Court Law.
THE PEOPLE, Plaintiff and Respondent, v.
COLLEEN S., Defendant and Appellant.

## COUNSEL

Kathleen Kahn, under appointment by the Court of Appeal, for Defendant and Appellant.

Bill Lockyer, Attorney General, Robert R. Anderson, Chief Assistant Attorney General, Gerald A. Engler, Assistant Attorney General, Laurence K. Sullivan and Martin S. Kaye, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

Appellant Colleen S. challenges the indefinite suspension of her driver's license as a condition of probation upon her adjudication as a ward of the court for misdemeanor vehicular manslaughter. Although we have no doubt that the circumstances would fully support the juvenile court's exercise of discretion were the condition authorized, we conclude that Vehicle Code sections 13203, 13361, and 13556 limit the authorized period of suspension to 12 months.

### Background

Following a tragic automobile accident on her way home from a Fourth of July party in 2001, which resulted in the death of a 20-year-old victim, 17-year-old Colleen was charged in a petition under Welfare and Institutions Code section 602 with felony gross vehicular manslaughter while intoxicated

(Pen. Code, § 191.5, subd. (a)), felony vehicular manslaughter without intoxication (Pen. Code, § 192, subd. (c)(1)), and driving while carrying an alcoholic beverage and without an adult, a misdemeanor (Veh. Code, § 23224, subd. (a)). The petition was subsequently amended to add a count of misdemeanor vehicular manslaughter without gross negligence (Pen. Code, § 192, subd. (c)(2)), to which Colleen pleaded no contest and the earlier counts were dismissed. Colleen initially was placed on probation with various terms and conditions that are not challenged. Following additional briefing and argument, the juvenile court imposed the further condition that Colleen's driving privilege be suspended until further court order. Colleen has filed a timely notice of appeal.

## Discussion

Article 2 of division 6, chapter 2 of the Vehicle Code,[1] commencing with section 13200, authorizes the court to suspend or revoke the driving privilege of a person convicted of specified offenses.[2] Article 3, commencing with section 13350, provides similar authorization for the Department of Motor Vehicles (the department). In the juvenile court and in her initial brief to this court, Colleen argued that a probation condition indefinitely suspending her driving privilege is unauthorized in this case because misdemeanor vehicular manslaughter is not one of the offenses listed in any of the provisions of article 2 or in section 13351 within article 3. In fact, Penal Code section 192, subdivision (c)(2) is not mentioned in article 2, and section 13351, subdivision (a) provides, "The department immediately shall revoke the privilege of any person to drive a motor vehicle upon receipt of a duly certified abstract of the record of any court showing that the person has been convicted of . . . [¶] (1) Manslaughter resulting from the operation of a motor vehicle, *except when convicted under paragraph (2) of subdivision (c) of Section 192 of the Penal Code.*" (Italics added.)

In the juvenile court, the district attorney argued that despite the explicit exclusion of Penal Code section 192, subdivision (c)(2) from section 13351, subdivision (a), the court retained the authority to suspend the driving privilege of a minor under Welfare and Institutions Code section 730, subdivision (b), which authorizes the juvenile court to "impose and require any and all reasonable conditions [of probation] that it may determine fitting and proper to the end that justice may be done and the reformation and rehabilitation of the ward enhanced." In her opening brief to this court, Colleen argued that the juvenile court's broad authority does not extend to the imposition of conditions implicitly excluded by the Legislature, relying on

---

[1] Unless otherwise indicated, all further statutory references are to the Vehicle Code.

[2] A juvenile court adjudication constitutes a conviction for purposes of this chapter of the Vehicle Code. (§ 13105.)

cases holding that registration as a sex offender may not be imposed as a condition of probation for an offense not specified in the registration statute. (*In re Bernardino S.* (1992) 4 Cal.App.4th 613 [5 Cal.Rptr.2d 746]; *People v. Brun* (1989) 212 Cal.App.3d 951 [260 Cal.Rptr. 850].)

In defending the juvenile court's order before this court, the Attorney General takes another tack. The Attorney General correctly points out that section 13351 addresses only those offenses that mandate revocation of the driving privilege. Section 13361, subdivision (c), however, expressly authorizes discretionary suspension of a driver's license for conviction under Penal Code section 192, subdivision (c)(2).[3] Therefore, the Attorney General argues, "the Legislature has not determined that one convicted of vehicular manslaughter without gross negligence in violation of Penal Code section 192, subdivision (c)(2), is totally exempt from the suspension of his or her driver's license," for which reason cases such as In re Bernardino S., supra, 4 Cal.App.4th 613, are inapposite. In reply, Colleen implicitly acknowledges the validity of this position, but takes another twist of her own. While tacitly recognizing that the juvenile court had the authority to suspend her license, Colleen now argues that the Vehicle Code explicitly limits the suspension to 12 months.

Section 13556, subdivision (a) provides, "Unless otherwise specifically provided in this chapter, no suspension of a license by the department shall be for a longer period than six months, except that the department may suspend a license for a maximum period of 12 months in those cases when a discretionary revocation would otherwise be authorized pursuant to this chapter." By virtue of section 13361, subdivision (c), the 12-month exception applies. The Attorney General cites In re Tanya B. (1996) 43 Cal.App.4th 1 [50 Cal.Rptr.2d 576], overruled on another ground in In re Justin S. (2001) 93 Cal.App.4th 811, 814–815 [113 Cal.Rptr.2d 466], which holds that the juvenile court may, as a condition of probation, suspend a minor's driving license for a period in excess of the period authorized by the Vehicle Code so long as the minor remains a ward of the juvenile court. "The fact that section 13202.5 mandates a one-year term does not mean that the juvenile court cannot impose a longer term, as urged by appellant. When jurisdiction is properly obtained over a juvenile prior to the time the juvenile turns 18 years of age, jurisdiction extends to the age of 21. [Citations.] . . . [¶] A juvenile court enjoys broad discretion to fashion conditions of probation for the purpose of rehabilitation and may even impose a condition of probation

---

[3] Section 13361 provides, "The department may suspend the privilege of any person to operate a motor vehicle upon receipt of a duly certified abstract of the record of any court showing that the person has been convicted of . . . [¶] (c) Manslaughter resulting from the operation of a motor vehicle as provided in paragraph (2) of subdivision (c) of Section 192 of the Penal Code."

which would be unconstitutional or otherwise improper so long as it is tailored to specifically meet the needs of the juvenile." (43 Cal.App.4th at p. 7.)

■ Neither the Attorney General's brief nor the opinion in *In re Tanya B.* makes any reference to section 13203, which compels a different conclusion. Section 13203 reads, "In no event shall a court suspend the privilege of any person to operate a motor vehicle or as a condition of probation prohibit the operation of a motor vehicle for a period of time longer than that specified in this code. Any such prohibited order of a court, whether imposed as a condition of probation or otherwise, shall be null and void, and the department shall restore or reissue a license to any person entitled thereto irrespective of any such invalid order of a court." Such an explicit legislative directive overrides the broad discretion otherwise conferred by Welfare and Institutions Code section 730. (*In re Bernardino S., supra,* 4 Cal.App.4th at pp. 622–624; *In re Gerald B.* (1980) 105 Cal.App.3d 119, 126–127 [164 Cal.Rptr. 193].) In view of its rather unusual history, there can be little doubt that the limitation imposed by section 13203 was intended to apply to juveniles as well as to adults. In 1963, the statute was amended to except juvenile courts from the scope of the section. (Stats. 1963, ch. 917, § 13, p. 2169.) However, in 1972, the words "other than a juvenile court" following the words "In no event shall a court" were deleted. (Stats. 1972, ch. 755, § 2.5, p. 1349.) In 1973, these words were reinstated (Stats. 1973, ch. 903, § 1, p. 1683) and in 1974, they were again removed from the statute (Stats. 1974, ch. 1283, § 1, p. 2776).[4] Thus, as the statute now reads, and as it read at the time of Colleen's offense, the juvenile court has been expressly

---

[4] In a letter from the Legislative Liason Officer of the Department of Motor Vehicles to the author of Assembly Bill No. 2791, which became the 1974 legislation, it was explained that the 1973 revision had been included in legislation intended to give juvenile courts broader discretion to impose limited suspensions of the driving privilege on juveniles committing offenses for which suspension was not authorized in the Vehicle Code. "In reviewing the situation within our Department it appears that in exempting themselves from the limitations of Section 13203 of the Vehicle Code, what the juvenile authorities have done is to authorize themselves to suspend for any length of time on those offenses for which the Vehicle Code authorizes a suspension . . . . [¶] This seems to be contrary to the Legislature's actions in recent years of repealing the provisions authorizing heavier penalties for juvenile drivers thereby providing the same penalties for juvenile and adult drivers." (Leonard M. Bleier, letter to Hon. Alister McAlister (May 24, 1974) underscoring in original.)

In the legislative analysis of Assembly Bill No. 2791, the Comment explained that the 1973 version of the statute, excepting juvenile court from its scope, "in effect, gives the juvenile authorities power to suspend for any length of time the license of a minor who is convicted of those offenses for which the Vehicle Code authorizes a suspension. . . . [¶] This bill, by deleting the language 'other than a juvenile court,' would provide minors with the same protection which all other drivers have, that the courts are prohibited from suspending the privilege of driving for any period longer than that specified in the Code." (Sen. Com. on Judiciary, Analysis of Assem. Bill No. 2791 (1973–1974 Reg. Sess.) as amended June 13, 1974, pp. 1–2, underscoring in original.)

prohibited by the Legislature from suspending Colleen's license by reason of her commission of misdemeanor vehicular manslaughter, as a condition of probation or otherwise, for more than the 12 months authorized by section 13556.

In closing, we note two final points. First, we do not happily intervene when neither side brought the position it asserts on appeal to the attention of the trial court. Nonetheless, the issue presented is a pure question of law and *implicates an explicit legislative directive* nullifying the order that has been entered, so that appellate review remains appropriate. (*In re Justin S., supra,* 93 Cal.App.4th at pp. 814–815.) Secondly, the issue here is largely academic, since our striking the probation condition does not affect the validity of any other action taken by the department affecting Colleen's driving privilege, and we are advised that the department has revoked Colleens' driver's license under section 13953.[5]

## Disposition

Since more than one year has elapsed since the entry of the dispositional order on October 4, 2002, the judgment is modified by striking the condition of probation that "[t]he issuance of the Minor's driving privilege is suspended until further court order," and in all other respects is affirmed.

Corrigan, Acting P. J., and Parrilli, J., concurred.

---

[5] Prior to the collision giving rise to these proceedings, Colleen received several citations, including one for speeding.