163 Cal.App.4th 1 (2008)
In re WALTER P., a Person Coming Under the Juvenile Court Law.
THE PEOPLE, Plaintiff and Respondent,
v.
WALTER P., Defendant and Appellant.
No. C056550.
Court of Appeals of California, Third District.
April 25, 2008.
*2 Robert F. Kane for Defendant and Appellant.
Edmund G. Brown, Jr., Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Charles A. French and Angelo S. Edralin, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION
DAVIS, J.
The juvenile court found that Walter P., then 17 years old, violated Health and Safety Code section 11357, subdivision (b), which provides as pertinent: "(b) Except as authorized by law, every person who possesses not more than 28.5 grams of marijuana, other than concentrated cannabis, is guilty of a misdemeanor and shall be punished by a fine of not more than one hundred dollars ($100)."[1]
The juvenile court placed Walter on probation for six months. Over Walter's objection, the court imposed as special conditions of probation that Walter be detained on home supervision for 45 days and that he be required to complete eight days in the Juvenile Work Project program.
(1) Walter contends, the People concede, and we agree that these two probation conditions are legally unauthorized because section 11357, subdivision (b), does not authorize any type of confinement. (2) Although a juvenile court, in granting probation, "may impose and require any and all reasonable conditions that it may determine fitting and proper to the end that justice may be done and the reformation and rehabilitation of the ward *3 enhanced" (Welf. & Inst. Code, § 730, subd. (b)), a probation condition is invalid if it exceeds what is allowed by statute. (See In re Colleen S. (2004) 115 Cal.App.4th 471, 473-476 [10 Cal.Rptr.3d 9].) (3) As the People have noted, section 11357, subdivision (b), states that possession of not more than 28.5 grams of marijuana is a misdemeanor punishable by a maximum fine of $100; nothing in the statute authorizes any type of confinement.

DISPOSITION
The judgment is modified by striking the probation conditions (and their effectuating language) that Walter must "complete 45 days on the Home Supervision program" and that he must "participate in and complete 8 days in the Juvenile Work Project program." As modified, the judgment is affirmed.
Blease, Acting P. J., and Morrison, J., concurred.
NOTES
[1] Hereafter, undesignated section references are to the Health and Safety Code.