[No. E044318. Fourth Dist., Div. Two. Oct. 27, 2008.]

In re G.V., a Person Coming Under the Juvenile Court Law.
THE PEOPLE, Plaintiff and Respondent, v.
G.V., Defendant and Appellant.

COUNSEL

Dacia A. Burz, under appointment by the Court of Appeal, for Defendant and Appellant.

Edmund G. Brown, Jr., Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Gary W. Schons, Assistant Attorney General, Raquel M. Gonzalez and Lilia E. Garcia, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

GAUT J.—The minor, G.V., appeals from a probation order requiring both payment of restitution and community service hours following his admission of one count of vandalism (Pen. Code, § 594, subd. (b)(1)) in a wardship petition. (Welf. & Inst. Code, § 602.)[1] He argues the juvenile court could impose either restitution or community service hours, but not both. We affirm.

### BACKGROUND

On September 17, 2007, the minor went to various homes in Victorville selling subscriptions for a fundraiser. When two separate homeowners denied the minor entrance into their respective homes, the minor became angry and scratched their cars with the letters "LA" and "IE." The letters were approximately 14 inches in height.

A wardship petition was filed in the juvenile court alleging two counts of vandalism. (Pen. Code, § 594, subd. (b)(1).) On September 20, 2007, the minor admitted one count of vandalism in return for a dismissal of the remaining allegation. At the disposition hearing, the court declared the minor to be a ward of the court, and placed him on probation under home supervision. Among the conditions of probation, and over the minor's objection to the term (No. 43) requiring 100 hours of community service time, the minor was ordered to pay victim restitution for the damage to the victims' cars, and to perform the community service in a graffiti abatement program. The minor appealed.

### DISCUSSION

The minor argues that the trial court erred in imposing, as a term of probation, a condition requiring that the minor serve 100 hours of community

---

[1] Except where otherwise indicated, all statutory references are to the Welfare and Institutions Code.

service in a graffiti abatement program. He argues that section 742.16, subdivision (a), allows the juvenile court to impose either restitution or community service hours, but not both. Respondent argues the issue has been forfeited because the specific objection to the probation condition was not raised in the juvenile court. Because minor's trial counsel made an objection to the term requiring community service hours in the graffiti abatement program, we reach the merits of the argument. (*In re James C.* (2008) 165 Cal.App.4th 1198, 1202 [81 Cal.Rptr.3d 846] [counsel's objection deemed adequate]; *In re Colleen S.* (2004) 115 Cal.App.4th 471, 476 [10 Cal.Rptr.3d 9] [probationary challenge that raised a pure question of law not forfeited].) Nevertheless, we affirm.

1. *The Special Graffiti Removal and Damage Recovery Provisions Do Not Limit a Juvenile Court's Authority to Formulate Conditions of Probation.*

■ Section 730, subdivision (b), provides that a juvenile court, in granting probation, may impose and require any and all reasonable conditions that it may determine fitting and proper to the end that justice may be done and the reformation and rehabilitation of the ward may be enhanced. The minor contends that the order which imposed both restitution and community service hours was in excess of what the statute (§ 742.16, subd. (a)) allows. (*In re Colleen S., supra*, 115 Cal.App.4th at pp. 473–476.)

■ Section 742.16 provides for certain special probationary terms whenever a minor is found to have committed an act of vandalism, is placed on probation, and is not removed from the custody of his or her parents. The legislative intent underlying the Graffiti Removal and Damage Recovery Program (§ 742.16) was to (a) assist public and private owners of property defaced by minors with graffiti or other inscribed material to recover their full damages, (b) safeguard the fiscal integrity of cities and counties that expend funds to remove graffiti, (c) safeguard the fiscal integrity of cities and counties by enabling them to recoup law enforcement costs of identifying and apprehending minors who deface property, (d) minimize the costs of collecting costs and damages, (e) discourage graffiti by minors by requiring them to bear the costs associated with defacement of property where they have the financial ability to do so, and (f) to retain in the juvenile court the discretion needed to accomplish the goal of rehabilitation of minors. (§ 742.10.)

To carry out this purpose, the Legislature enacted section 742.16, relating to conditions of probation for a sustained petition alleging vandalism. Section 742.16, subdivision (a) provides, "If a minor is found to be a person described in Section 602 by reason of the commission of an act prohibited by Section 594, 594.3, 594.4, 640.5, 640.6, or 640.7 of the Penal Code, and the

court does not remove the minor from the physical custody of the parent or guardian, the court as a condition of probation, except in any case in which the court makes a finding and states on the record its reasons why that condition would be inappropriate, shall require the minor to wash, paint, repair, or replace the property defaced, damaged, or destroyed by the minor or otherwise pay restitution to the probation officer of the county for disbursement to the owner or possessor of the property or both."

■ The statute goes on to provide that where the minor is not granted probation, or the minor's cleanup, repair, or replacement of the property will not return the property to its condition before it was defaced, damaged, or destroyed, the court shall make a finding of the amount of restitution that would be required to fully compensate the owner and possessor of the property for his or her damages. (§ 742.16, subd. (a).) The statute mandates that the court order the minor to pay that restitution to the probation officer of the county for disbursement to the owner or possessor of the property or both, to the extent the court determines that the minor or the minor's estate has the ability to do so, except in any case in which the court makes a finding and states on the record its reasons why full restitution would be inappropriate. If full restitution is found to be inappropriate, the court is required to have the minor perform specified community service, except in any case in which the court makes a finding and states on the record its reasons why that condition would be inappropriate. (§ 742.16, subd. (a).)

■ Nothing in the legislation expresses an intent to limit a juvenile court's authority in formulating probationary conditions imposed on minors who commit vandalism. Nothing in the legislation expresses an intent that section 742.16 serve as the exclusive provision for ordering community service as a condition of probation for minors who have committed vandalism. Given the fact the statute does not include other standard conditions of probation, it would be unreasonable to conclude that the provisions of section 742.16 represent the exclusive authority of the juvenile court relating to the formulation of probation conditions for minors who commit vandalism.

Instead, we interpret the legislative intent to require certain additional specific and mandatory conditions of probation, in addition to other probation conditions, which the juvenile court, in its discretion, may deem proper, where a minor has committed vandalism or graffiti or both. Our interpretation is buttressed by the expressed statement of legislative intent that includes the retention in the juvenile court of the discretion needed to accomplish the goal of rehabilitation of minors. (§ 742.10, subd. (f).)

We therefore disagree with the minor's positions that (1) the statutory Graffiti Removal and Damage Recovery Program limits a juvenile court's

authority to either impose restitution or to order community service, and (2) that the provisions of that statutory program are the exclusive provisions governing permissible probation conditions for minors found to have committed acts of vandalism. It simply made mandatory certain restitution provisions where a minor has committed acts of vandalism or graffiti.

    2.   *The Juvenile Court Did Not Abuse Its Discretion in Imposing Probation Conditions Requiring Payment of Restitution and Performance of 100 Hours of Community Service.*

■ A juvenile court has broad discretion in formulating conditions of probation for the purpose of rehabilitation. (*In re Babak S.* (1993) 18 Cal.App.4th 1077, 1084 [22 Cal.Rptr.2d 893].) A probation condition will not be held invalid unless it (1) has no relationship to the crime of which the offender was convicted, (2) relates to conduct that is not itself criminal, and (3) requires or forbids conduct that is not reasonably related to future criminality. (*People v. Lent* (1975) 15 Cal.3d 481, 486 [124 Cal.Rptr. 905, 541 P.2d 545]; *In re Antonio C.* (2000) 83 Cal.App.4th 1029, 1034 [100 Cal.Rptr.2d 218].) We review the judgment for a manifest abuse of discretion. (*People v. Welch* (1993) 5 Cal.4th 228, 234 [19 Cal.Rptr.2d 520, 851 P.2d 802]; *In re Christopher M.* (2005) 127 Cal.App.4th 684, 692 [26 Cal.Rptr.3d 61] [juvenile court's exercise of discretion will not be disturbed in the absence of "manifest abuse"].)

■ As we have explained in the previous part, the probation conditions requiring both the payment of restitution and the performance of 100 hours of community service were not prohibited or limited by statute. The juvenile court is expressly authorized to require a minor to participate in community service or graffiti cleanup irrespective of the nature of his or her offense (§ 730, subd. (c)), although such a condition is mandatory if the minor is declared a ward based on an allegation of vandalism, and the minor is not removed from his parents' custody. (§ 742.16, subd. (a).)

■ Further, a probation term requiring payment of restitution for economic losses is mandatory whenever a victim of conduct of a minor found to be a person described in section 602 incurs any economic loss, in addition to any restitution fines. (§ 730.6, subds. (a), (*l*).) A victim's right to restitution is to be broadly and liberally construed. (*In re Johnny M.* (2002) 100 Cal.App.4th 1128, 1132 [123 Cal.Rptr.2d 316].) Restitution serves important rehabilitative functions consistent with the purposes of the Juvenile Court Law. (*Charles S. v. Superior Court* (1982) 32 Cal.3d 741, 747–748 [187 Cal.Rptr. 144, 653 P.2d 648]; see also *In re Tommy A.* (2005) 131 Cal.App.4th 1580, 1587–1588 [33 Cal.Rptr.3d 103].)

Here, not only did the juvenile court have discretion to order restitution for the minor's rehabilitation and punishment (§ 730.6), it was mandatory (§ 742.16, subd. (a)). Community service may be imposed for any minor declared to be a ward (§ 730, subd. (c)), but is mandatory in any case where the minor is not removed from his or her parents' custody and where the minor's cleanup, repair, or replacement of damaged property will not restore it to its condition before the vandalism, and where restitution is inappropriate (§ 742.16, subd. (a)). The various statutory provisions are not mutually exclusive.

The minor does not argue that the two terms of probation are invalid for failing to serve a rehabilitative purpose; he only argues that imposition of both conditions was unauthorized by statute. The juvenile court's exercise of discretion in formulating the challenged conditions of probation was not a manifest abuse of discretion.

## DISPOSITION

The judgment is affirmed.

McKinster, Acting P. J., and King, J., concurred.

Appellant's petition for review by the Supreme Court was denied January 28, 2009, S168918. George, C. J., did not participate therein.