Filed 6/26/13  In re K.J. CA1/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| In re K. J., a Person Coming Under the Juvenile Court Law. | |
| THE PEOPLE, Plaintiff and Respondent, v. K. J., Defendant and Appellant. | A135231 (Sonoma County Super. Ct. No. 36990J) |

## I. INTRODUCTION

In January 2012, appellant, already declared to be a ward of the court for admitted charges of battery on a peace officer and resisting and obstructing another such officer, as well as another charge of burglary, was adjudged a ward of the court and the court also issued an order denying him visitation rights with his parents.  He appeals, but (1) on a basis not asserted in the juvenile court and (2) provides a very incomplete record.  In any event, we affirm the juvenile court's judgment, including its dispositional order.

## II. FACTUAL AND PROCEDURAL BACKGROUND

On the morning of March 3, 2011, a Sonoma County sheriff's deputy was dispatched to a Sebastopol residence after the mother of appellant, then almost 17, reported that he and his younger brother had run away from the Valley of the Moon children's home and were inside her residence.  When the deputy went inside the house

1

to try to get the two youths, they became belligerent, requiring the deputy to handcuff appellant, who even then tried to leave the house, and had to be restrained by both the deputy and the mother. Appellant declared that he "hated his mother" and would not return to the Valley of the Moon home. In the course of his altercation with appellant, the deputy fell to the ground and suffered a concussion, lacerations to his fingers, and sprained fingers. However, he was eventually able to restrain appellant, and other deputies arrived to place appellant under arrest. These events resulted in a petition being filed under Welfare and Institutions Code section 602, subdivision (a),[1] on July 13, 2011.

A few weeks later on July 26, 2011, a similar petition was filed regarding events of April 18, 2011. On that date, Sonoma sheriffs deputies were dispatched to a delicatessen in Sebastopol because of a report of a suspected robbery. A clerk told the deputies that he had first heard bottle noises coming from near the cash register, and then went closer to that area, where he saw a person wearing a black ski mask over his face. That person took four bottles of vodka off the shelf and ran out without paying for them. Via information supplied by multiple callers, the deputies traced the burglar to appellant's home, where they found his younger brother and the mother. The brother said that appellant had taken the vodka. The mother told them that this did not surprise her, because the family had been "going through recent turmoil" in view of her disability, the father's removal from the home by Child Protective Services, and her two sons' behavior.

On November 3, 2011, appellant admitted the allegations of both petitions. On November 23, 2011, appellant was declared a ward of the court, and the juvenile court determined that the county's Human Services Department should be the lead agency regarding him under section 300 et seq.

On January 9, 2012,[2] yet more events involving appellant occurred, events resulting in a section 602, subdivision (a), petition being filed on January 11, 2012, by the Napa County District Attorney. It alleged four counts, namely, resisting an executive

---

[1] All further sections cited are to the Welfare and Institutions Code.

[2] All further dates noted are in 2012.

2

officer by force or violence, battery on a peace officer and emergency personnel (two counts), and vandalism.

On January 19, the Sonoma County probation officer filed a notice of violation of probation based on section 777 and the allegations of the January 11 petition.

On February 7, the juvenile court sustained the section 602, subdivision (a), petition and ordered the case transferred to Sonoma County. The alleged probation violation was also dismissed.

A disposition report filed on February 23 regarding the section 602 petition read, in part, as follows: "On January 9, 2012, Napa County Police officers responded to a report of an intoxicated individual, later identified as the minor, who was throwing rocks at vehicles in the Lucky Supermarket parking lot. The minor was also witnessed ripping down a fire lane sign, and throwing a rock through the back window of a vehicle. That vehicle was identified as belonging to an employee at Lucky's, Martin Naranjo. One witness said the minor challenged him to a fight and pounded on his vehicle's windows before running toward him and yelling. The witness admitted he punched the minor to keep him away, just as the police arrived. [¶] Upon arrival, the officers made contact with the minor, however, he ignored numerous directives to stop and sit down. As he attempted to walk by one of the officers, the officer grabbed his right upper arm and pulled him back, causing him to sit down. As soon as he sat down, the minor continued to try and stand back up. Officers detected the odor of alcohol and the minor's words were slurred as he mumbled unintelligibly. The minor continued to resist the officers attempts at placing him in handcuffs, pulling away from the officers and trying to turn around. At one point, the minor's action resulted in placement of the officer on top of the minor and the minor bit the officer's left forearm. Additional officers arrived and the minor was taken into custody. Officers could tell the minor was under the influence of alcohol and subsequently transported him to the hospital for medical clearance. While en route, the minor banged his head against the plastic screen in the police car. [¶] Once at the hospital, he was placed on a gurney, where he continued to curse and resist officers. He attempted to scoot off the gurney and attempted to bite a nurse as she attempted to

administer care. He was given a sedative, however, before it was effective, the minor spit in one of the officer's faces. The minor's blood alcohol level was determined to be .31% [¶] The minor was eventually medically cleared and was transported to the Napa County Juvenile Hall where he was booked for violations of 69 PC, 594(B)(1) PC, 243(b) PC, 664/243(b) PC, and 647(f) PC."

On the same day this report was filed, appellant was declared to be a ward of the court, with the Human Services Department to be the lead agency under the section 300 dependency system.

On March 23, appellant's probation officer filed a section 777 notice alleging that, on March 5, appellant was found to be in possession of both alcohol and marijuana and, on March 19, in possession of an empty bottle of rum and giving the appearance of being under the influence of such. That notice also alleged that appellant had left the facility in which he was ordered confined at least five times without permission.

On April 2, appellant admitted these charged violations and was continued as a ward of the court, but with the specific advice of the juvenile court that this would be his last opportunity to have the section 300 agency as his lead agency.

Nonetheless, four days later, on April 6, the probation officer filed yet another section 777 notice. On April 17, appellant, represented by counsel and by that date 18 years old, admitted the violation. The court thus ordered that there be no more visits by appellant with either of his parents, that a section 241.1 report be prepared, and that the section 300 et seq. system would no longer be the lead agency.

On April 19, appellant filed a notice of appeal from this order.

### III. DISCUSSION

Appellant's entire argument in his single brief to us,[3] is composed of four paragraphs under the heading: "The Court Erred When It Denied Appellant Visitation With His Mother." That brief also concedes that the standard of review of such an order is abuse of discretion.

---

[3] No reply brief was filed by appellant.

We find no such abuse here, particularly in view of the fact that there is nothing in the record indicating that appellant (then, as noted above, represented by counsel) objected to that aspect of the April 17 order.  Indeed, that order states that the charged section 777 violation was the subject of an "Admission with consent of Counsel."

Further, the record provided us by appellant establishes that there was no abuse of discretion by the juvenile court.  The mother conceded to the juvenile probation officer that she had "past issues related to substance abuse" and to her consumption of alcohol, and that "marijuana was extremely prevalent at their former residence."  As a result of these admissions, the probation officer's report noted that the "mother has mental health issues including Major Depression and Post Traumatic Stress Disorder" and that she had reported that both her and appellant's father "have alcohol problem [sic]."  Per appellant's social worker, the mother "has submitted a positive chemical test for marijuana, failed to show up for testing, and is not participating fully in the family reunification services."  The same worker "expressed concern about the mother's decision to move into the same apartment complex as the father" who, per the probation report, apparently had even greater alcohol and drug-related problems.

"A juvenile court has broad discretion in formulating conditions of probation for the purpose of rehabilitation" and an appellate court reviews its "judgment for a manifest abuse of discretion."  (*In re G.V.* (2008) 167 Cal.App.4th 1244, 1250; see also *Alex O. v. Superior Court* (2009) 174 Cal.App.4th 1176, 1180.)  In view of the specifics provided by  the record regarding appellant's mother's personal alcohol and drug-related problems—facts not challenged in the slightest by appellant in his sole and very short brief to this court—there clearly was no such abuse here.

5

## IV. DISPOSITION

The judgment, including the court's dispositional order, is affirmed.

_____
Haerle, Acting P.J.

We concur:

_____
Lambden, J.

_____
Richman, J.