Filed 6/9/21  In re J.L. CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| In re J.L., a Person Coming Under the Juvenile Court Law. | C092814 |
| THE PEOPLE, | (Super. Ct. No. JV140467) |
| Plaintiff and Respondent, | |
| v. | |
| J.L., | |
| Defendant and Appellant. | |

The juvenile court found the minor, J.L., evaded a peace officer with willful disregard for the safety of persons or property and declared him a ward of the court.  The minor was placed on home probation, the terms of which prevented him from applying for a driver's license for one year.  On appeal, the minor contends:  (1) the juvenile court failed to exercise its discretion to determine whether the minor's conduct constituted a felony or a misdemeanor, and (2) the probation condition delaying his eligibility for a

1

driver's license should be stricken as violative of Vehicle Code section 13203[1] and various constitutional provisions. We will remand the case so the juvenile court may exercise its discretion to declare the reckless evasion count a felony or a misdemeanor and otherwise affirm the judgment.

### FACTUAL AND PROCEDURAL BACKGROUND

The minor was driving a car with expired registration and a Placer County sheriff's deputy attempted to pull him over for an enforcement stop. The minor fled, leading the deputy on a chase during which the minor drove over 115 miles per hour and drove on the wrong side of the road. The prosecution filed a wardship petition alleging the minor recklessly evaded a peace officer (§ 2800.2, subd. (a)) and drove the wrong way while evading a peace officer (§ 2800.4). The minor admitted the reckless evasion count and the court dismissed the driving the wrong way count. The Placer County juvenile court sustained the petition and found "the allegation to be true as alleged in Count I reserving determination of whether it's a felony or misdemeanor until time of disposition." The case was then transferred to Sacramento County for disposition.

At the transfer-in hearing, the Sacramento County juvenile court stated the Placer County court had "found true a violation of Vehicle Code Section 2800.2(a) as a felony" and set the case for disposition. The probation officer prepared a social study report recommending the court impose various terms of probation, including a term reading: "The minor's privilege to drive is suspended for one year/delayed one year subsequent to the time he becomes eligible to drive, and the driver's license be immediately surrendered to the Court."

At the disposition hearing, defense counsel asked that the driver's license condition be stricken, arguing "2800.2 of the Vehicle Code is not one of the charges that

---

[1] Undesignated statutory references are to the Vehicle Code.

necessitates a mandatory suspension with a license as listed in Vehicle Code Section 13202.5, and I would also note that [the minor] does have a need to drive. He will be having a child soon. And his girlfriend who is going to be the mother of his child lives out of county, and he may need to travel to help her take care of the child."

The court reviewed the facts of the case, noting the minor "does not now have a license" and did not "have a license at the time that this incident occurred." After explaining the severity of the minor's actions, the court stated: "So I do understand you are going to be a parent in the near time. Congratulations on that. I am, however, going to impose the license suspension on you. You know, you need to understand that you cannot endanger other people out there on the road as well.

"Now, the Department of Motor Vehicles also is involved in this, and they have sort of independent authority or basis as well to make further decisions or no. You can -- I will say in here that you can apply for a critical use of a driver's license. That would mean first you would have to actually be licensed. So you would have to successfully pass and get a license. And then you would have to show either that you were working or you had some other reason or medical need to allow you to drive that car to and from certain locations. It will be a multi-step process here, but I'm not giving you permission to just drive without a license and to just drive generally."

Defense counsel renewed her objection, arguing that section 13201 says "the Court may not suspend for more than six months." The juvenile court and defense counsel then had an extended exchange, during which the court explained "I am suspending his ability or delaying his ability to get a license for a year [¶] . . . [¶] However . . . , he may apply to the Department of Motor Vehicles for a critical use need at the appropriate time when he gets his license." Defense counsel objected again, and the court and counsel had the following exchange:

"THE COURT: All right. I'm going to take back since you are not understanding what I'm saying, I'm not going to allow him to apply for critical need.

3

"[DEFENSE COUNSEL]: So at this point, Your Honor, you are punishing him because I'm advocating for him.

"THE COURT: I'm delaying it for one year because you are not understanding what I'm saying, and I don't want to get him confused about all of this. His license will just be delayed for one year.

"[DEFENSE COUNSEL]: Okay. Then at this point I am making my record that Your Honor cannot do that because under Vehicle Code [section] 13201 it says here that the suspension -- or rather the delaying of the getting of the license cannot be for more than six months based on the conviction. So I will be appealing this point as legally it cannot be for more than six months. So I just want to make my point."

The debate continued in a short series of contentious exchanges. The juvenile court then explained the driver's license condition, saying: "Okay. So I am delaying by one year your ability to apply for and get a license given the conduct that I have reviewed in the report. Now, I have previously indicated to your counsel that upon your actually getting a license, you could apply for a critical use which would allow you to under certain conditions drive that car. But since you don't have a license right now, that would only come into play after you apply for an actual license."

The minor asked when the one-year period began to run, and the court continued: "Starts while you are on probation at this time. Now, you can ask for a critical need and apply for a license at the Department of Motor Vehicles. If they in fact allow you to get a license and use it for a critical need purpose[], the Court will permit that. That's what I tried to explain to your attorney several times." The juvenile court then "adjudged [the minor] a ward of the juvenile court committed to the care and custody of his mother" and recited the conditions of probation, including the driver's license condition: "We've already talked about the fact that your application to drive is suspended -- I'm sorry, is delayed by one year subsequent to the time you become eligible to drive. However, I have indicated that you may apply for critical need once you have that license."

4

The minute order issued after the hearing reads: "The minor's privilege to drive is suspended for one year/delayed one year subsequent to the time he becomes eligible to drive, and the driver's license be immediately surrendered to the Court. (Inapplicable if this minor is placed on Probation pursuant to Section 654.2 of the WIC); (CVC § 13203 in[]applicable because not licensed)."

## DISCUSSION

### I

### *Designation of the Reckless Evasion Count as a Felony*

The minor contends the juvenile court failed to exercise its discretion when it assumed the reckless evasion account had already been declared a felony by the Placer County juvenile court. Because the Placer County juvenile court had not done so, neither court ultimately determined whether the minor's violation of section 2800.2 was a felony or a misdemeanor. The People agree the matter should be remanded so the juvenile court can remedy this error. We agree with the parties.

"Welfare and Institutions Code section 702 states in part: 'If the minor is found to have committed an offense which would in the case of an adult be punishable alternatively as a felony or a misdemeanor, the court shall declare the offense to be a misdemeanor or felony.' The court is required to make an 'explicit declaration' whether a wobbler offense is a felony or a misdemeanor. [Citations.] This rule ensures that the juvenile court is aware of—and actually exercises—its discretion to treat the offense as a felony or a misdemeanor. [Citation.] If the court did not make the required express determination, but the record shows it was aware of—and, in fact, exercised—its discretion, the matter need not be remanded. [Citation.] However, if the record does not show such an exercise of discretion, the matter must be remanded. [Citation.]" (*In re Raymundo M.* (2020) 52 Cal.App.5th 78, 92.)

The minor admitted a violation of evading a peace officer, which can be either a felony or a misdemeanor. (§ 2800.2, subd. (a).) The Placer County juvenile court

5

accepted the admission, but "reserv[ed] determination of whether it's a felony or a misdemeanor until [the] time of disposition." Once the case was transferred, however, the Sacramento County juvenile court mistakenly thought the Placer County juvenile court had already determined the violation was a felony. The record shows no such determination; the transfer from Placer County to Sacramento County appears to have resulted in a miscommunication in which neither court determined whether the offense was a felony or a misdemeanor. We will remand the matter so the juvenile court may make this determination.

II

*Driver's License Probation Condition*

The minor also challenges the driver's license restriction in the terms of his probation, arguing it violates a statutory prohibition on license suspensions longer than six months, is unconstitutionally vague, and was imposed, in part, because counsel raised an objection to the condition. The minor also contends he received ineffective assistance of counsel because his attorney did not adequately "understand and communicate" the court's rulings to him and the court punished him for "his counsel's intellectual failures."

A. *Unconstitutional Vagueness*

The minor argues the driver's license condition is unconstitutionally vague because it is not clear whether the minor can apply for a driver's license now, "and apply for a critical need license, or whether he needs to wait for one year, obtain a license, and *then* apply for a critical need use permission." We disagree.

"[T]he void for vagueness doctrine applies to conditions of probation. [Citations.] An order must be sufficiently precise for the probationer to know what is required of him [or her], and for the court to determine whether the condition has been violated. [Citation.]" (*People v. Reinertson* (1986) 178 Cal.App.3d 320, 324-325.) " ' " 'Fair notice' requires only that a violation be described with a ' "reasonable degree of certainty" ' . . . so that 'ordinary people can understand what conduct is prohibited.' " ' "

6

(*In re Angel J.* (1992) 9 Cal.App.4th 1096, 1101.) Whether a probation condition is unconstitutionally vague is reviewed de novo. (*In re Shaun R.* (2010) 188 Cal.App.4th 1129, 1143.)

Here, the court made clear it was delaying the minor's ability to obtain a license for one year and that applying for a license was a condition precedent of applying for critical needs/use permission from the Department of Motor Vehicles, explaining: "I am delaying by one year your ability to apply for and get a license given the conduct that I have reviewed in the report. Now, I have previously indicated to your counsel that *upon your actually getting a license*, you could apply for a critical use which would allow you to under certain conditions drive that car. But since you don't have a license right now, that would only come into play *after you apply* for an actual license." (Italics added.) The juvenile court also clarified that the "one year" in the order would begin while the minor was on probation "at this time."

Nor does the juvenile court's minute order, which states the minor's driving privilege "is suspended for one year/delayed one year subsequent to the time he becomes eligible to drive," imply otherwise. The minor's argument that the minute order could imply a two-year delay—a one-year delay before the minor may apply for a driver's license, then another one-year period during which the license would be suspended— relies on a misreading of the order in that it implies an additional one-year period and a temporal sequence into the text of the condition that does not exist. Given the extensive clarification the court offered at the disposition hearing, a reasonable person would understand the meaning of the condition and we conclude it is not void for vagueness.

B. *Section 13203*

Relying on sections 13201, 13203, and *In re Colleen S.* (2004) 115 Cal.App.4th 471, the minor argues the juvenile court was statutorily prohibited from imposing the driver's license probation condition for more than six months. We disagree.

7

Section 13201 allows courts to "suspend, for not more than six months, the privilege of a person to operate a vehicle upon conviction" of section 2800.2. Section 13203 provides: "In no event shall a court suspend the privilege of any person to operate a motor vehicle or as a condition of probation prohibit the operation of a motor vehicle for a period of time longer than that specified in this code. Any such prohibited order of a court, whether imposed as a condition of probation or otherwise, shall be null and void, and the department shall restore or reissue a license to any person entitled thereto irrespective of any such invalid order of a court."

Section 12500, subdivision (a), states: "A person may not drive a motor vehicle upon a highway, unless the person then holds a valid driver's license issued under this code, except those persons who are expressly exempted under this code." Because a person must have a valid driver's license to operate a motor vehicle under this section, a person only has the "privilege . . . to operate a motor vehicle" under section 13203 if they possess a valid driver's license.

Other sections of the Vehicle Code also condition driving privileges on the possession of a driver's license. Section 13101, for example, which defines "revocation" of a license, reads: "When used in reference to a driver's license, 'revocation' means that the person's privilege to drive a motor vehicle is terminated and a new driver's license may be obtained after the period of revocation." Similarly, section 13102, which defines "suspension" of a license, states: "When used in reference to a driver's license, 'suspension' means that the person's privilege to drive a motor vehicle is temporarily withdrawn."

Because the privilege to operate a motor vehicle is conditioned on the possession of a driver's license, and section 13203 only applies to those who have the privilege to operate a motor vehicle, section 13203 cannot apply to those who do not possess a valid driver's license. The minor here does not have a driver's license, and the restrictions in section 13203 thus do not apply. Similarly, *In re Colleen S.*, which concluded section

8

13203 forbade a trial court from indefinitely suspending a juvenile's driver's license, does not apply here because the driver in that case had a valid driver's license. (*In re Colleen S., supra*, 115 Cal.App.4th at pp. 475-476.) We conclude the length of the driver's license probation condition was not unauthorized.

C.    *Due Process and Assistance of Counsel*

The minor concludes by arguing the juvenile court violated his due process rights by penalizing him for his counsel's objections. He asserts the juvenile court was going to give him the immediate ability to apply for a critical use license, but decided to delay his ability to apply for the license after defense counsel objected. Alternatively, the minor argues he received ineffective assistance of counsel because his attorney was unable to understand the court's orders and thus pursued her objections to his detriment. We disagree with both contentions.

"It is well settled that to punish a person for exercising a constitutional right is 'a due process violation of the most basic sort.' " (*In re Lewallen* (1979) 23 Cal.3d 274, 278.) This principle applies in juvenile, as well as adult, cases. (*In re Edy D.* (2004) 120 Cal.App.4th 1199, 1202.) To assert such a due process violation based on a sentencing decision, "[t]here must be some showing, properly before the appellate court, that the higher sentence was imposed as punishment for exercise of the right." (*People v. Angus* (1980) 114 Cal.App.3d 973, 989-990.)

Here, the juvenile court did not impose a higher sentence because of defense counsel's objections. At the outset of the disposition hearing, the probation officer had recommended the court delay the minor's ability to obtain a driver's license for one year. Defense counsel raised her initial objection and the court modified the condition to allow the minor to "apply for a critical use of a driver's license." The court noted, however, the minor would first "have to successfully pass and get a license," before applying for the critical use license. The court stated it was "suspending his ability or delaying his ability

9

to get a license for a year," but that he could "apply to the Department of Motor Vehicles for a critical use need at the appropriate time when he gets his license."

Defense counsel and the court then engaged in a contentious exchange in which the court stated "I'm going to take back since you are not understanding what I'm saying, I'm not going to allow him to apply for critical need." Despite this statement, however, the court ultimately imposed the exact same condition it had previously stated it was going to impose: the minor's ability to obtain a license was delayed for a year, after which he "could apply for a critical use which would allow [him] to under certain conditions drive." Both before and after defense counsel's objections, the probation condition remained the same. Thus, we cannot conclude the court imposed a harsher sentence to punish the minor for exercising his constitutional rights through his counsel's objections.[2]

Finally, the minor asserts he received ineffective assistance of counsel based on his counsel's "inability to understand and communicate" the court's rulings to him, thus leading the court to punish him by delaying his ability to apply for the critical needs license. As we have explained, however, counsel's actions did not cause the court to impose a higher sentence. Thus, even assuming counsel's performance was deficient, there was no resulting prejudice. (*People v. Mai* (2013) 57 Cal.4th 986, 1009.) We see no ineffective assistance of counsel.

---

[2] Because we conclude the court did not impose a harsher sentence, there is no due process violation. We are, however, troubled by the juvenile court's comments that it was going to "take back" the minor's ability to apply for a critical need license and, to the extent the comments suggest retaliation against the minor for defense counsel's actions, we agree they were inappropriate.

10

## DISPOSITION

The case is remanded so the juvenile court may exercise its discretion to declare the reckless evasion count a felony or a misdemeanor. In all other respects, the judgment is affirmed.

__/s/__
RAYE, P. J.

We concur:

__/s/__
MAURO, J.

__/s/__
MURRAY, J.